UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

ROBERT A. SHAVER
W257 N6901 Victoria Circle
Sussex, WI 53089

      Plaintiff,

      v.                               Case No.: 17-CV-822

TRIAD CREATIVE GROUP, INC.       **JURY TRIAL DEMANDED**
3130 Intertech Drive
Brookfield, WI 53045

      Defendant.

## COMPLAINT

COMES NOW, the Plaintiff, Robert A. Shaver, by his counsel, WALCHESKE & LUZI, LLC, by Attorneys James A. Walcheske, Scott S. Luzi, and Jesse R. Dill, as and for a claim against Defendant, alleges and shows to the Court as follows:

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331, as this case involves a federal question under the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq.* ("FLSA").

2. The Court has supplemental jurisdiction, pursuant to 28 U.S.C. § 1367, over Plaintiff's state law claims, because they are so related in this action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

3. Venue in this District is proper pursuant to 28 U.S.C. § 1391(b) and (c), because a substantial portion of the events or omissions giving rise to the claims occurred in this District, and Defendant has substantial and systematic contacts in this District.

## THE PARTIES

4. Plaintiff, Robert A. Shaver, is an adult resident of the State of Wisconsin residing in Waukesha County with a post office address of W257 N6901 Victoria Circle, Sussex, Wisconsin 53089.

5. Defendant, Triad Creative Group, Inc., is a Wisconsin corporation with a principal office address of 3130 Intertech Drive, Brookfield, Wisconsin 53045.

6. Defendant manufactures trade show exhibits and displays and indoor and outdoor signs as marketing and advertising services for its customers and clients.

7. Defendant is engaged in "commerce" and/or its employees are engaged in "commerce" as that term is defined in 29 U.S.C. § 203(b).

8. During Mr. Shaver's employment at Defendant, its annual dollar volume of sales or business exceeded $500,000.

## MR. SHAVER'S EMPLOYMENT AT DEFENDANT

9. In or about May 2012, Defendant hired Mr. Shaver as an Exhibit Carpenter.

10. In Mr. Shaver's position as an Exhibit Carpenter with Defendant, his job duties and job responsibilities were performing manual labor on Defendant's shop floor.

11. During Mr. Shaver's employment with Defendant as an Exhibit Carpenter, Defendant compensated him on an hourly basis.

12. Prior to June 1, 2014, Defendant promoted Mr. Shaver to the position of Shop Foreman.

13. In Mr. Shaver's position as a Shop Foreman with Defendant, Mr. Shaver reported directly to Scott Siebenlist, Defendant's Vice President, who reported directly to Roger Lex, Defendant's Owner.

14. Mr. Shaver held the position of Shop Foreman from approximately at least June 1, 2014, through the date of filing this Complaint.

15. During Mr. Shaver employment with Defendant as a Shop Foreman from at least June 1, 2014, to November 17, 2016, Defendant compensated him on a salary basis.

16. In the 2014 calendar year, Defendant compensated Mr. Shaver on a salary basis and at a rate of approximately $48,000.00 per year.

17. In the 2015 calendar year, Defendant compensated Mr. Shaver on a salary basis and at a rate of approximately $49,000.00 per year.

18. In the 2016 calendar year, Defendant compensated Mr. Shaver on a salary basis and at a rate of approximately $50,000.00 per year.

19. During Mr. Shaver's employment with Defendant, it compensated him on a semi-monthly basis via direct deposit.

20. During Mr. Shaver's employment with Defendant, its workweek was Monday through Sunday.

21. During Mr. Shaver's employment with Defendant in the position of Shop Foreman and from at least June 1, 2014, through November 17, 2016, he frequently worked in excess of forty (40) hours per workweek.

22. During Mr. Shaver's employment with Defendant as a Shop Foreman from at least June 1, 2014, to November 17, 2016, his job duties and job responsibilities included, but

were not limited to, performing manual labor building exhibits and displays for commercial clients.

23. During Mr. Shaver's employment with Defendant as a Shop Foreman from at least June 1, 2014, to November 17, 2016, the job duties and job responsibilities of his Shop Foreman position remained the same and did not change.

24. During Mr. Shaver's employment with Defendant as a Shop Foreman from at least June 1, 2014, to November 17, 2016, managing Defendant's shop production staff was not his principal, main, or most important job duties and/or job responsibility.

25. During Mr. Shaver's employment with Defendant as a Shop Foreman from at least June 1, 2014, to November 17, 2016, his principal, main, or most important job duties and/or job responsibilities were performing manual labor building exhibits and displays for Defendant's clients.

26. During Mr. Shaver's employment with Defendant as a Shop Foreman from at least June 1, 2014, to November 17, 2016, he spent the majority of his working time performing manual labor building exhibits and displays for Defendant's clients.

27. During Mr. Shaver's employment with Defendant as a Shop Foreman from at least June 1, 2014, to November 17, 2016, he did not have the authority to hire, fire, or discipline other employees of Defendant.

28. During Mr. Shaver's employment with Defendant as a Shop Foreman from at least June 1, 2014, to November 17, 2016, Defendant did not give any weight to his suggestion(s) or recommendation(s) to hire, fire, or discipline other employees of Defendant.

29. During Mr. Shaver's employment with Defendant as a Shop Foreman from at least June 1, 2014, to November 17, 2016, he did not hire other employees of Defendant.

30. During Mr. Shaver's employment with Defendant as a Shop Foreman from at least June 1, 2014, to November 17, 2016, he did not fire other employees of Defendant.

31. During Mr. Shaver's employment with Defendant as a Shop Foreman from at least June 1, 2014, to November 17, 2016, he did not discipline other employees of Defendant.

32. Defendant's Job Description and Responsibilities form for Mr. Shaver's Shop Foreman position stated, in part, "Our goal is to utilize your experience and skill set to better manage the work flow and personnel in the shop[] and to do so without losing your valuable production capabilities on the bench. Ideally we would like you to earmark an hour a day of a nine hour day to do this, focusing alternately on coordination, meetings or mentoring."

33. Defendant's Job Description and Responsibilities form for Mr. Shaver's Shop Foreman position stated, in part, "You will be expected to work a 9 hour day with 8 hours devoted to billable production."

34. In his position as Shop Foreman, Defendant compensated Mr. Shaver with three weeks of paid time off per year.

35. During Mr. Shaver's employment with Defendant in the position of Shop Foreman and from at least June 1, 2014, to November 17, 2016, Defendant required employees to enter their hours worked on each job and a description of the job into its Personal Work Form software program. Defendant then compensated its non-exempt employees based on the total hours each individual reported through the Personal Work Form software.

36. During Mr. Shaver's employment with Defendant in the position of Shop Foreman and from at least June 1, 2014, to November 17, 2016, after Mr. Shaver entered his hours worked on each job and description of the job into the Personal Work Form software

program, Defendant compensated him at his semi-monthly salary rate regardless of the number of hours he worked.

37. During Mr. Shaver's employment with Defendant in the position of Shop Foreman and from at least June 1, 2014, to November 17, 2016, Mr. Shaver recorded his hours worked and job description in a personal notebook.

38. During Mr. Shaver's employment with Defendant in the position of Shop Foreman and from at least June 1, 2014, to November 17, 2016, Bonnie Pranger, Defendant's Payroll employee, reviewed Mr. Shaver's time entered in the Personal Work Form Software.

39. During Mr. Shaver's employment with Defendant in the position of Shop Foreman and from at least June 1, 2014, to November 17, 2016, Pranger occasionally reviewed Mr. Shaver's personal notebook of hours worked to confirm time he entered into the Personal Work Form software or to enter any days he missed in the Personal Work Form software.

40. During Mr. Shaver's employment with Defendant in the position of Shop Foreman and from at least June 1, 2014, to November 17, 2016, Defendant did not compensate Mr. Shaver for hours he worked in excess of forty (40) hours in any workweek.

41. As a result of improperly compensating Mr. Shaver at the rate of time and one half for each hour worked in excess of forty (40) hours each workweek at Defendant from approximately at least June 1, 2014, through November 17, 2016, Defendant owes Mr. Shaver unpaid wages in an amount to be determined at an overtime rate of pay for work Defendant suffered or permitted him to perform during his employment with it and for which he was not properly or lawfully compensated.

42. During Mr. Shaver's employment with Defendant, it knew or should have known that Mr. Shaver must be compensated with overtime pay at a rate of time and one half for each

hour worked in excess of forty (40) hours each workweek in accordance with the FLSA and the WWPCL.

## FIRST CAUSE OF ACTION
## VIOLATION OF THE FAIR LABOR STANDARDS ACT OF 1938, AS AMENDED

43. Mr. Shaver realleges and incorporates paragraphs 1 - 42 of this Complaint by reference.

44. Section 207(a)(1) of the FLSA regulates, among other things, the payment of an overtime premium by employers whose employees are engaged in commerce, or engaged in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce.

45. Defendant was and is subject to the overtime pay requirements of the FLSA because Defendant is engaged in commerce and/or its employees are engaged in commerce, as defined in § 203(b) of the FLSA.

46. At all times herein, Defendant was an "employer" as defined and as provided under the FLSA.

47. At all times material herein, Mr. Shaver was entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. § 201 *et seq*.

48. At all times material herein, Mr. Shaver was an employee of Defendant as provided under the FLSA.

49. At all times material herein, Mr. Shaver performed work for and received compensation for work performed from Defendant.

50. At all times material herein, Defendant suffered or permitted Mr. Shaver to perform work at it at its direction.

51. At all times material herein, Defendant employed Mr. Shaver as provided under the FLSA.

52. At all times material herein, the job duties and job responsibilities of Mr. Shaver's Shop Foreman position did not meet or satisfy an exemption's elements under § 213 of the FLSA.

53. Defendant violated the FLSA by not compensating Mr. Shaver with overtime premium pay of time and one half for each hour he worked in excess of forty (40) hours each workweek.

54. During Mr. Shaver's employment with Defendant and when he performed work for Defendant, Defendant intentionally violated 29 U.S.C. § 215(a) by failing to compensate Mr. Shaver with overtime pay at a rate of time and one half for each hour he worked in excess of forty (40) hours each workweek.

55. Defendant's failure to properly and legally compensate Mr. Shaver for all compensable work time was willfully perpetrated. Defendant neither acted in good faith nor with reasonable grounds to believe its actions and omissions were not a violation of the FLSA, and as a result thereof, Mr. Shaver is entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime premium pay described above pursuant to § 216(b) of the FLSA. Alternatively, should the Court find that Defendant did not act willfully in failing to pay overtime pay wages, Mr. Shaver is entitled to an award of pre-judgment interest at the applicable legal rate.

56. As a result of the aforesaid willful violations of the FLSA's provisions, overtime compensation has been unlawfully withheld from Mr. Shaver by Defendant.

57. Mr. Shaver is entitled to damages equal to the mandated overtime premium pay within the three years preceding the date of filing of his Complaint, plus periods of equitable tolling because Defendant acted willfully and knew or showed reckless disregard of whether its conduct was prohibited by the FLSA.

58. Pursuant to the FLSA, 29 U.S.C. § 216(b), successful Plaintiffs are entitled to reimbursement of the costs and attorneys' fees expended in successfully prosecuting an action for unpaid wages and overtime wages.

**SECOND CAUSE OF ACTION**
**VIOLATION OF WISCONSIN WAGE PAYMENT AND COLLECTION LAWS**

59. Mr. Shaver re-alleges and incorporates paragraphs 1 - 58 of this Complaint by reference.

60. At all relevant times, Mr. Shaver was an employee of Defendant within the meaning of Wis. Stat. § 109.01(lr), Wis. Stat. § 103.001(5), and Wis. Stat. § 104.01(2)(a).

61. At all relevant times, Defendant was an employer of Mr. Shaver within the meaning of Wis. Stat. § 109.01(2), Wis. Stat. § 103.001(6), Wis. Stat. § 104.01(3)(a), and Wis. Admin. DWD § 272.01(5).

62. Mr. Shaver has been entitled to payment from Defendant at the agreed upon wage, as defined in Wis. Stat. § 109.01(3), for each hour worked by Mr. Shaver pursuant to Wis. Stat. § 109.03.

63. Defendant willfully violated the WWPCL by failing to compensate Mr. Shaver at a rate of time and one half for each hour of overtime he worked.

64. At all times material herein, the job duties and job responsibilities of Mr. Shaver's Shop Foreman position did not meet or satisfy an exemption's elements under the WWPCL and DWD § 274.04.

65. As set forth above, Mr. Shaver sustained losses in his compensation as a proximate result of Defendant's violations. Accordingly, Mr. Shaver seeks damages in the amount of his unpaid compensation, injunctive relief requiring Defendant to cease and desist from its violations of the Wisconsin laws described herein and to comply with them, and such other legal and equitable relief as the Court deems just and proper. Under Wis. Stat. § 109.11, Mr. Shaver may be entitled to liquidated damages equal and up to fifty percent (50%) of the unpaid wages.

66. Mr. Shaver seeks recovery of attorneys' fees and the costs of this action to be paid by Defendant, pursuant to the WWPCL.

**WHEREFORE**, Plaintiff respectfully requests that this Court:

1. Issue an Order, pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202, declaring Defendant's actions as described in the Complaint as unlawful and in violation of the FLSA and Wisconsin law and applicable regulations and are and were willful as defined in the FLSA and Wisconsin Law;

2. Issue an Order directing and requiring Defendant to pay Mr. Shaver's damages in the form of reimbursement of unpaid overtime wages for all time spent performing compensable work for which he was not paid pursuant to the rate provided by the FLSA and WWPCL;

3. Issue an Order directing and requiring Defendant to pay Mr. Shaver damages in the form of reimbursement for unpaid agreed upon wages for all time spent performing compensable work for which he was not paid pursuant to the rate provided by the FLSA and WWPCL;

4. Issue an Order directing and requiring Defendant to pay Mr. Shaver liquidated damages pursuant to the FLSA and WWPCL in an amount equal to, and in addition to the amount of wages and overtime wages owed to him;

5. Issue an Order directing Defendant to reimburse Mr. Shaver for the costs and attorney' fees expended in the course of litigating this action, pre-judgment and post-judgment interest; and

6. Grant to Mr. Shaver whatever other relief this Court deems just and equitable.

**PLAINTIFF DEMANDS A JURY AS TO ALL TRIABLE ISSUES.**

Dated this 13th day of June, 2017.

WALCHESKE & LUZI, LLC
Counsel for Plaintiff

*/s Jesse R. Dill*
James A. Walcheske, State Bar No. 1065635
Scott S. Luzi, State Bar No. 1067405
Jesse R. Dill, State Bar No. 1061704

WALCHESKE & LUZI, LLC
15850 W. Bluemound Road, Ste. 304
Brookfield, Wisconsin 53005
Phone: (262) 780-1953
Fax: (262) 565-6469
jwalcheske@walcheskeluzi.com
sluzi@walcheskeluzi.com
jdill@walcheskeluzi.com